# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　v.<br><br>JERMAINE EGGLESTON,<br>　　　Defendant. | CR 20-434 DSF<br><br>Order CONDITIONALLY GRANTING in PART and DENYING in Part the Government's Motion *in Limine* No. 1 to Admit Evidence of, and Facts Relating to, Defendant's Prior Acts and Convictions (Dkt. 93) |

　　　Defendant Jermaine Eggleston is charged with one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1). Dkts. 1 (Criminal Complaint), 12 (Indictment). The Government has filed a motion *in limine* seeking to introduce evidence of Eggleston's (1) September 2012 felony convictions for (a) possession of 25 to 50 grams of cocaine under Michigan Public Health Code (Michigan PHC) § 333.7403 and (b) unlawful driving away under Michigan Penal Code (Michigan PC) § 750.413; and (2) February 2012 arrest and charge for possession of 50 to 449 grams of cocaine. The Government also seeks to impeach Eggleston, should he choose to

testify, with evidence of Eggleston's September 2012 felony convictions. Id. at 2. Eggleston opposes. Dkt. 95-1 (Opp'n).[1]

## I. BACKGROUND

The Indictment alleges that Eggleston knowingly and intentionally possessed with intent to distribute 2,986 grams of fentanyl. Indictment at 1-2. The Criminal Complaint alleges that on September 14, 2020, Transportation Security Administration (TSA) officers at Los Angeles Airport (LAX) found approximately 3.34 kilograms of fentanyl inside of Eggleston's checked bag. Criminal Complaint at 4. Eggleston was scheduled to fly from LAX to New Orleans, Louisiana and was detained at the gate while waiting to board his flight after TSA officers discovered the fentanyl in his checked bag. Id.

### A. September 2012 Convictions

In September 2012, Eggleston plead guilty to two felonies: (1) possession of 25-50 grams of cocaine in violation of Michigan Public Health Code (Michigan PHC) § 333.7403 (September 2012 Possession Conviction); and (2) unlawful driving away in violation of Michigan Penal Code (Michigan PC) § 750.413 (September 2012 Driving Conviction, and collectively September 2012 Convictions). MIL No. 1 at 1.

Eggleston's September 2012 Convictions stem from a December 2011 traffic stop in Michigan; Eggleston was a passenger. Id. During the traffic stop, officers found a "large cellophane baggie containing cocaine . . . on the floorboard," and Eggleston "grabbed the [car's] shifter, put the car in drive, and yelled 'go' to the driver." Id. Eggleston and the driver fled from the police until they were "forcibly stopped."

---

[1] All rulings on motions *in limine* are tentative. The issues may be raised again during trial – outside the presence of the jury – if circumstances change.

2

Id.; see also dkt. 98-1, Ex. A (December 6, 2011 Arrest Report) at USAO_000150.

B.  **February 12 Charge**

In February 2012, Eggleston was arrested and charged with possession of 50 to 449 grams of a controlled substance (February 2012 Charge), but later pled guilty to: (1) use of cocaine in violation of Michigan PHC § 333.7404; and (2) possession of marijuana in violation of Michigan PHC § 333.7403.  MIL No. 1 at 1-2.

Eggleston's February 2012 Charge and subsequent guilty pleas stem from an officer search of a car in which Eggleston was a passenger.  Id. at 1.  The officer found marijuana, $2,000 in cash, and a hotel key card on Eggleston's person.  Id.  Inside Eggleston's hotel room, officers found 59.91 grams of crack cocaine, 3.76 grams of marijuana, and a large sum of cash.  Id.

## II. DISCUSSION

A.  **Federal Rule of Evidence 404(b)**

The Government seeks to introduce evidence of (1) Eggleston's September 2012 Possession Conviction; and (2) February 2012 Charge.  Id. at 1.  The Government contends these are admissible to prove Eggleston "knowingly and unmistakably possessed three kilograms of fentanyl" with the intent to distribute.  Id. at 2-3.  The Government also contends the facts underlying the September 2012 Possession Conviction and February 2012 Charge tend to prove that Eggleston (1) had the opportunity to obtain distribution amounts of illegal drugs from a source of supply; (2) had the plan and intent to carry and distribute the fentanyl; and (3) had the motive of distribution for profit.  Id. at 4.

Eggleston argues that such evidence should not be permitted in the Government's case-in-chief under Rule 404(b) of the Federal Rules of Evidence because (1) they are not relevant to prove any material point, are too remote in time, and are not similar to the charged crime; and (2) any probative value is outweighed by the danger of unfair

3

prejudice. Opp'n at 3-4. In other words, Eggleston contends evidence of his September 2012 Possession Conviction and February 2012 Charge is improper character evidence. Id. at 4.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But other act evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Ninth Circuit has developed a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) the other act must be similar to the offense charged. United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir. 1991). The Ninth Circuit has not established a specific number of years after which past conduct becomes too remote. United States v. Vo, 413 F.3d 1010, 1019 (9th Cir. 2005). To support a finding that the person committed the act – the third prong – a jury must be able to "reasonably conclude" that the act occurred. United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012) (citing Huddleston v. United States, 485 U.S. 681, 685 (1988)). "When the Government offers evidence of prior or subsequent crimes or bad acts as part of its case-in-chief, it has the burden of first establishing relevance of the evidence to prove a fact within one of the exceptions to the general exclusionary rule of Rule 404(b)." United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979).

Even if all four conditions are met, the evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id. at 1400-01; see also Fed. R. Evid. 403.

4

### 1. Materiality and Similarity

Eggleston contends evidence of his September 2012 Possession Conviction and February 2012 Charge, and the underlying facts, do not prove any material point and are too dissimilar to the charge in this case. See Opp'n at 3-4. The Government argues the evidence tends to prove the facts described above. MIL No. 1 at 4. The Government also contends the evidence is necessary to rebut any defense of ignorance or mistake. Id. at 2.

The materiality and similarity "prongs, in cases like this, are essentially one and the same: similarity is necessary to indicate knowledge and intent because it can furnish the link between knowledge gained in the prior act and the claimed ignorance of some fact in the offense charged." United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir. 1994) (simplified).

In order to convict Eggleston of possession with intent to distribute fentanyl, the Government is required to prove that he *knowingly* possessed fentanyl and *intended* to distribute it. See 21 U.S.C. §§ 841(a); see also Ninth Circuit Model Criminal Jury Instruction No. 9.15 (Controlled Substance – Possession with Intent to Distribute). The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." Vo, 413 F.3d at 1018 (quoting United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir. 1982)). It is undisputed that knowledge and intent are material elements of the charged offense.

However, the Government has not satisfied its burden to establish a logical basis for inferring Eggleston knowingly possessed fentanyl with the intent to distribute it from the September 2012 Possession Conviction and February 2012 Charge. See, e.g., Mayans, 17 F.3d at 1183 ("the government still bears the burden of proving a logical connection between [a defendant's] purported involvement in

5

the previous drug [crime] and a material fact at issue in the crime with which he was charged."). In other words, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." Mehrmanesh, 689 F.2d at 830. "The greater is the dissimilarity of the [] offenses, the more tenuous is the relevance." Hernandez-Miranda, 601 F.2d at 1109.

That burden is not met where, as here, the only similarity between the prior offenses and the current charge is that Eggleston was previously convicted and charged with possession of illegal drugs and is now on trial for possession with the intent to distribute illegal drugs. The September 2012 Possession Conviction involved a traffic stop in Michigan, possession of cocaine, and unlawful driving away. See MIL No. 1 at 1. The February 2012 Charge involved a traffic stop in Michigan, possession of marijuana and a large sum of money, a hotel key card found on Eggleston's person, and cocaine, marijuana and a large sum of money found in Eggleston's hotel room. See id. at 1-2. Conversely, the charge here involves a large amount of fentanyl that was discovered in a checked bag at LAX. Id. at 1. In other words, there are significant differences between Eggleston's prior conviction and charge and the current charge: the convictions and charge are different (possession vs. possession with intent to distribute); the mode of transportation is different (airport vs. car); the drugs are different (cocaine vs. fentanyl); the amounts are different (50 to 449 grams vs. 3 kilograms); and the location is different (Michigan vs. Los Angeles).[2]

---

[2] The Government has not provided evidence of Eggleston's February 2012 Charge, based on the Government's description of events, it also appears that the drugs in Eggleston's prior conviction and charge were not hidden; in the pending charge the fentanyl was found hidden in a checked bag. Compare December 6, 2011 Arrest Report at USAO_000150 (arresting officer explaining that he "had [his] flashlight and shone it inside the passenger side window when [he] immediately noticed a large cellophane plastic baggie which contained a white powder which [he] immediately recognized as

The Government argues correctly that the "past conduct need not be identical" to the current charge, MIL No. 1 at 6 (quoting Johnson, 132 F.3d at 1283), but here the logical connection between Eggleston's prior conviction and charge is weak and has limited probative value. Indeed, the only similarity between Eggleston's September 2012 Possession Conviction and February 2012 Charge convictions and arrests with the current charge is that they all involve possession of narcotics.

    The cases cited by the Government do not support admitting evidence of Eggleston's September 2012 Possession Conviction and February 2012 Charge because in each case the facts of the prior acts were more similar to the pending charge. See, e.g., United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993) (prior conviction for possession of heroin with intent to distribute was admissible in pending charge for same offense)); Johnson, 132 F.3d at 1282-83 (bad act testimony that defendant engaged in improper sexual activity with teenagers was sufficiently similar to be admitted in pending charge for transporting a minor with intent to engage in criminal sexual activity); Bibo-Rodriguez, 922 F.2d at 1401-02 (evidence of defendant's subsequent transportation of 30 pounds of marijuana across Mexico border admitted as proof of knowledge in pending charge for transporting cocaine); Vo, 413 F.3d at 1012, 1018 (prior convictions for selling cocaine sufficiently similar to pending charge for conspiracy to possess with intent to distribute methamphetamine); United States v. Martinez, 182 F.3d 1107, 1109-10 (9th Cir. 1999) (prior heroin importing conviction admitted for pending charge of importing methamphetamine)); United States v. Santa-Cruz, 48 F.3d 1118, 1119-20 (9th Cir. 1995) (evidence of defendant's prior possession of a personal amount of cocaine admissible in charge for possession of cocaine with intent to distribute)). In other words, in each of the cases cited by the Government the prior acts and pending charge involved either the same drug or the same crime (*i.e.*, smuggling or distribution).

---

possibly being cocaine."), with MIL No. 1 at 1 (explaining that the fentanyl was found "hidden in a keyboard box in the bag's main compartment.").

### 2. Remoteness

Even if Eggleston's September 2012 Possession Conviction and February 2012 Charge were material and similar to warrant admission, the Court finds the conviction and charge verge on being too remote. The Ninth Circuit has not adopted a bright line rule for remoteness and has held that convictions as old as thirteen years were not so remote as to preclude admissibility. See Vo, 413 F.3d at 1018. Eggleston's convictions and arrests are less than thirteen years old. See MIL No. 1 at 5; see also December 6, 2011 Arrest Report. However, the remoteness determination hinges on the amount of time between the prior acts and the pending charge and whether the charged conduct is sufficiently similar to the prior conduct. See Vo, 413 F.3d at 1018-19 ("if the prior act evidence in this case is sufficiently similar to the charged conduct it may render it probative despite the passage of time.").

Had the conviction and charge been more similar to the alleged conduct in this case, the remoteness of that conduct might not have precluded its introduction. The combination of dissimilarity and remoteness dictates exclusion of the evidence in the Government's case-in-chief.

### 3. Sufficiency of Evidence

For the September 2012 Possession Conviction, the Government asserts it will introduce certified conviction records. MIL No. 1 at 6. For the February 2012 Charge, the Government contends it will present evidence of the prior acts in the form of written reports and court documents as well as the testimony of officers with personal knowledge of those facts. Id. Eggleston does not dispute the Government's proffered methods for establishing the sufficiency of evidence to show that the prior acts were committed.

### 4. Unfair Prejudice

The Government's proposed evidence regarding Eggleston's September 2012 Possession Conviction and February 2012 Charge

8

create a risk of unfair prejudice that substantially outweighs their potential probative value. See Fed. R. Evid. 403; see also Mehrmanesh, 689 F.2d at 830 (even if relevancy is shown, the evidence is admissible only if its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant). Based on this other acts evidence, the jury is likely to improperly infer Eggleston's propensity to engage in drug distribution, *i.e.*, because Eggleston committed a different narcotics crime on different occasions, he must have committed it on the occasion charged in the Indictment. Therefore, the Court declines to allow the Government to introduce evidence of Eggleston's prior possession offenses in its case-in-chief.

## B.   Federal Rule of Evidence 609

Should Eggleston testify, the Government wants to introduce evidence of Eggleston's September 2012 Convictions for (1) possession of 25 to 50 grams of cocaine and (2) unlawful driving away under Federal Rule of Evidence 609(a)(1)(B).

Federal Rule of Evidence 609 governs "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). When the witness to be impeached is a criminal defendant, evidence of a conviction of a crime punishable by imprisonment for more than one year generally "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). But, where

> more than 10 years have passed since the witness's conviction or release from confinement for [the crime], whichever is later[, e]vidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

9

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

The Court must consider five factors in balancing the probative evidence of a defendant's prior conviction against its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000) (citing United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987)). "The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995). There is an exception for crimes involving dishonesty, however. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

### 1. Impeachment Value

While theft crimes do not per se "involve 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2)," United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982), "prior convictions for robbery are probative of veracity," Alexander, 48 F.3d at 1488. "Shoplifting, burglary, grand theft and bank robbery are all affirmative acts taken by defendants, requiring an intention to deprive one or more persons of their rightful property. Such crimes are not always 'deceitful,' but they are much more likely to be so than is the crime of receipt of stolen property." United States v. Foster, 227 F.3d 1096, 1100 (9th Cir. 2000). Moreover, prior convictions for taking a vehicle without the owner's consent is "highly probative of [defendant's] veracity." United States v. Rodriguez-Landa, No. 2:13-cr-00484-CAS,

10

2019 WL 653853, at *12 (C.D. Cal. Feb. 13, 2019). The first factor, therefore, favors admission of Eggleston's September 2012 Driving Conviction for "willfully and without authority" taking "possession of and driv[ing] or tak[ing] away" of another's motor vehicle under Michigan PC § 750.413.

In addition, the Ninth Circuit has held "[p]rior convictions for drug offenses are probative of veracity." United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997), as amended (Feb. 11, 1997), abrogated on other grounds by United States v. Valencia-Lopez, 971 F.3d 891 (9th Cir. 2020); see also Alexander, 48 F.3d at 1488 (same). The first factor, therefore, also favors admission of Eggleston's September 2012 Possession Conviction under Michigan PHC § 333.7403.

### 2. Time of Conviction

Eggleston was convicted of possession of cocaine and unlawful driving away in 2012, almost eight years before he was charged with possession with the intent to distribute fentanyl, Criminal Complaint at 1. "By its terms, Rule 609 allows for admissibility of such . . . prior conviction[s] even where the defendant has been released for up to ten years." Browne, 829 F.2d at 763. The second factor weighs in favor of admitting both convictions.

### 3. Similarity of the Crimes

"[W]here . . . the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985). As explained above, Eggleston's September 2012 Possession Conviction is not sufficiently similar to the charged crime, nor is his September 2012 Driving Conviction similar to the

11

crime of possession with the intent to distribute fentanyl.[3] The third factor weighs in favor of admission of both convictions.

### 4. Importance of Eggleston's Testimony and Centrality of the Credibility Issue

As to the fourth and fifth factors, should Eggleston take the stand, he will place his credibility directly at issue. See Alexander, 48 F.3d at 1489 ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue."). Eggleston does not meaningfully dispute that his testimony will be important or central to any credibility issue. However, that determination cannot be made until he testifies.

The Court finds that the probative value of the September 2012 Convictions for possession of 25 to 50 grams of cocaine and unlawful driving away will likely outweigh the prejudicial effect, and will likely be admitted, if Eggleston testifies. Before cross-examination, the Court and counsel will discuss this issue outside the presence of the jury and the Court will make a final determination at that time. If the Court admits the prior convictions, the Court will provide an appropriate limiting instruction.

### III. CONCLUSION

The Government's motion *in limine* to admit Eggleston's September 2012 Convictions for impeachment purposes is conditionally granted, subject to a hearing outside the presence of the jurors if Eggleston testifies. The motion to admit evidence and underlying facts

---

[3] Eggleston argues that evidence of the September 2012 Convictions should not be permitted for impeachment purposes because the convictions are dissimilar to the charged crime. Opp'n at 19. The Court's analysis on the similarity of the crimes for impeachment purposes is different from the analysis under Rule 404(b). In the Rule 404(b) context the prior crimes must be sufficiently similar to the charged crime; in the Rule 609 context, the more similar the crime, the less likely it is to be admitted. See Bagley, 772 F.2d at 488.

of Eggleston's September 2012 Possession Conviction for possession of 25 to 50 grams of cocaine and February 2012 Charge for possession of 50 to 449 grams of cocaine is denied without prejudice.

    IT IS SO ORDERED.

Date: January 26, 2022

                                        Dale S. Fischer
                                        United States District Judge